UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

STUART FINKELSTEIN,

*Defendant*.

**Order of Continuance**

**19 Mag. 10645**

---

Upon the application of the United States of America and the affirmation of Rushmi Bhaskaran, Assistant United States Attorney for the Southern District of New York, it is found that the defendant was charged with violations of Title 18, United States Code, Sections 1341, 1028A, 1512, and 1623 (mail fraud, aggravated identity theft, obstruction of justice, and false declarations before a court) in a complaint dated November 12, 2019, and was arrested in the Southern District of Florida on November 19, 2019;

It is further found that the defendant was presented before Magistrate Judge Patrick M. Hunt on November 19, 2019, and was ordered released on a personal recognizance bond, in addition to other bail conditions;

It is further found that the defendant was presented before Magistrate Judge Barbara Moses on December 3, 2019, and was ordered release on a $150,000 personal recognizance bond, in addition to other bail conditions;

It is further found that, on January 2, 2020, Magistrate Judge Stewart Aaron granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until February 3, 2020;

It is further found that, on February 4, 2020, Magistrate Judge Sarah Netburn granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until March 4, 2020;

1

It is further found that, on March 4, 2020, Magistrate Judge Kevin Nathaniel Fox granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until April 3, 2020;

It is further found that, on April 3, 2020, Magistrate Judge Stewart Aaron granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until May 4, 2020;

It is further found that, on May 4, 2020, Magistrate Judge Barbara Moses granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until June 3, 2020;

It is further found that, on June 3, 2020, Magistrate Judge Stewart Aaron granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until July 6, 2020;

It is further found that, on July 6, 2020, Magistrate Judge Sarah Netburn granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until August 5, 2020;

It is further found that, on August 5, 2020, Magistrate Judge Kevin Nathanial Fox granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until September 4, 2020;

It is further found that, on September 4, 2020, Magistrate Judge James Cott granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until October 5, 2020;

It is further found that, on October 5, 2020, Magistrate Judge Barbara Moses granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until November 4, 2020;

It is further found that, on November 4, 2020, Magistrate Judge Stewart Aaron granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until December 4, 2020;

It is further found that, on December 4, 2020, Magistrate Judge Katharine H. Parker granted an order for a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) until January 4, 2021;

It is further found that Brian Griffin, Esq., counsel for defendant, and Assistant United States Attorney Rushmi Bhaskaran have been engaged in, and are continuing, discussions concerning a possible disposition of this case;

It is further found that the Government has requested a continuance of 30 days to engage in further discussions with counsel about the disposition of this case and that the defendant, through counsel, has consented that such a continuance may be granted for that purpose and has specifically waived his right to be charged in an indictment or information for an additional 30 days; and

It is further found that the granting of such a continuance best serves the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial; and therefore it is

ORDERED that the request for a continuance pursuant to 18 U.S.C. §3161(h)(7)(A) is hereby granted until February 3, 2021, and that a copy of this Order and the affirmation of Assistant United States Attorney Rushmi Bhaskaran be served by mail on this date on counsel for the defendant by the United States Attorney's Office.

Dated: New York, New York
January 4, 2021

*Kevin Nathaniel Fox*
_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STUART FINKELSTEIN,<br><br>*Defendant*. | **Affirmation in Support of**<br>**Application for Order of Continuance**<br><br>**19 Mag. 10645** |

State of New York            )
County of New York        ) ss.
Southern District of New York  )

Rushmi Bhaskaran, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

1. I am an Assistant United States Attorney in the Office of Audrey Strauss, Acting United States Attorney for the Southern District of New York. I submit this affirmation in support of an application for an order of continuance of the time within which an indictment or information would otherwise have to be filed, pursuant to 18 U.S.C. §3161(h)(7)(A).

2. The defendant was charged in a complaint dated November 12, 2019 with violations of Title 18, United States Code, Sections 1341, 1028A, 1512(c), and 1623 (mail fraud, aggravated identity theft, obstruction of justice, and false declarations before a court). The defendant was arrested in the Southern District of Florida on November 19, 2019, presented that day before Magistrate Judge Patrick M. Hunt of the United States District Court for the Southern District of Florida, and released on a $150,000 personal recognizance bond, among other bail conditions. On December 3, 2019, the defendant was presented before Magistrate Judge Barbara Moses. The

defendant was represented by Brian Griffin, Esq. at this proceeding and ordered released on $150,000 personal recognizance bond, in addition to other bail conditions.

    3. At the presentment on December 3, 2019, defense counsel consented to a waiver of his client's right, pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure, to a preliminary hearing within 21 days of the initial appearance. Accordingly, under the Speedy Trial Act the Government initially had until January 2, 2020 within which to file an indictment or information. On January 2, 2020, Magistrate Judge Stewart D. Aaron entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until February 3, 2020.  On February 4, 2020, Magistrate Judge Sarah Netburn entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until March 4, 2020.  On March 4, 2020, Magistrate Judge Kevin Nathaniel Fox entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until April 3, 2020.  On April 3, 2020, Magistrate Judge Stewart Aaron entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until May 4, 2020. On May 4, 2020, Magistrate Judge Barbara Moses entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until June 3, 2020.  On June 3, 2020, Magistrate Judge Stewart Aaron entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until July 6, 2020.  On July 6, 2020, Magistrate Judge Sarah Netburn entered an Order of

Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until August 5, 2020. On August 5, 2020, Magistrate Judge Kevin Nathanial Fox entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until September 4, 2020. On September 4, 2020, Magistrate Judge James Cott entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until October 5, 2020. On October 5, 2020, Magistrate Judge Barbara Moses entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until November 4, 2020. On November 4, 2020, Magistrate Judge Stewart Aaron entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until December 4, 2020. On December 4, 2020, Magistrate Judge Katharine H. Parker entered an Order of Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), extending the time within which an indictment or information would otherwise have had to be filed in this case until January 4, 2021.

    4. Defense counsel and I have had discussions regarding a possible disposition of this case. The negotiations have not been completed and we plan to continue our discussions, but do not anticipate a resolution before the deadline under the Speedy Trial Act expires on January 4, 2021.

    5. Therefore, the Government is requesting a 30-day continuance, until February 3, 2021, to continue the foregoing discussions and reach a disposition of this matter. On December 22, 2020, I personally spoke to defense counsel who specifically consented to this request.

6. This application has been authorized by Assistant United States Attorney Andrew Dember, Deputy Chief of the Criminal Division.

7. For the reasons stated above, the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and defendant in a speedy trial.

Dated: New York, New York
       December 31, 2020

*Rushmi Bhaskaran* (signature)

Rushmi Bhaskaran
Assistant United States Attorney
212-637-2439